IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

                        Case No.  1:25-CR-018 (FJS)

    v.

SUPERIOR BROWN,                    GOVERNMENT'S SENTENCING
                                                        MEMORANDUM
        Defendant.

_____

      The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

**I**

**INTRODUCTION**

      On April 9, 2025, the defendant was convicted by plea of guilty to one count information charging conspiracy to distribute and possess with intent to distribute a controlled substance (methamphetamine and cocaine base), in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) and (b)(1)(C) respectively. Additionally, the indictment contained a forfeiture allegation requiring the defendant to forfeit a money judgment in the amount of $1,660.

      The charge arose following the defendant's repeated engagement in methamphetamine and crack cocaine sales and, unbeknownst to the defendant, to a confidential informant. The total amount of methamphetamine the defendant is responsible for is approximately 92 grams and the total amount of crack cocaine the defendant is responsible for is 23 grams.

      The defendant is currently scheduled to be sentenced on August 29, 2025.

II

APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.   **Statutory Maximum Sentences**

The defendant's conviction for distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) subjects the defendant to a maximum period of 40 years in prison and a mandatory minimum term of imprisonment of 5 years. *See* 21 U.S.C. §841(b)(1)(B). in addition to imprisonment, the defendant faces a term of supervised release of at least four years and up to life. *See* 21 U.S.C. §841(b)(1)(A). The defendant is required to pay a special assessment of $100, due and payable at or before sentencing. *See* 18 U.S.C. § 3013.

2.   **Guidelines Provisions**

   a.   **Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for 21 U.S.C. § 841(a)(1) and (b)(1)(B) is 24, pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(8). The Presentence Report correctly notes that the government agrees that the Court should treat the cocaine base in this case as cocaine-actual, and that the Court should apply the variance necessary to remove any disparity between cocaine base and cocaine-actual.

   b.   **Acceptance of Responsibility**

The government agrees with the Probation Department's determination that the defendant is entitled to credit for acceptance of responsibility. The defendant is entitled to a three-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b).

   c.   **Criminal History Category**

According to the presentence report, the defendant's criminal history category is II. The government agrees with the Probation Department's determination of the defendant's criminal history category.

### d. Guidelines Range and Sentence

As described above, the total offense level is 21 and the defendant is within criminal history category is III. As a result of the above-described calculations, the federal sentencing guidelines advise that the defendant receive a sentence of 41 - 51 months imprisonment, a fine of between $15,000 and $5,000,000; a $100 special assessment; and a supervised release term of at least four years. However, the defendant faces a five-year mandatory minimum sentence and, accordingly, pursuant to U.S.S.G. § 5G1.1(b) the guideline term of imprisonment becomes 60 months.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment consistent with the federal sentencing guidelines. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

**The Nature, Circumstances, and Seriousness of the Offense.** The defendant sold methamphetamine and crack cocaine to a confidential source and, presumably, other users during the conspiracy—in other words, the defendant sold death to someone he believed was a user and who would most likely use with other drug users. Every time methamphetamine—or other hard narcotics—is sold on the street, the risk of death only increases. The Court need not look far to

see how the dangerousness of drugs can impact local communities. The defendant has continuously elevated his own interests above the safety of the community. At just 25 years old, the defendant now has a federal drug conviction to join his previous state gun conviction for which he also served prison sentence.

**Respect for the Law, Just Punishment, and Deterrence**. A term of imprisonment will promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others. The recommended sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and deters future criminal conduct.[1]

Respectfully submitted this 15th day of August 2025,

JOHN A. SARCONE III
Acting United States Attorney

By:   */s/ Jeffrey C. Stitt*
Jeffrey C. Stitt, Jr.
Assistant United States Attorney
Bar Roll No. 520195

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

4

## CERTIFICATE OF SERVICE

    I hereby certify on August 15, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

*/s/ Jeffrey C. Stitt, Jr.*