**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

       v.　　　　　　　　　　　　　　　　　　　　　　Hon. Frederick J. Scullin
　　　　　　　　　　　　　　　　　　　　　　　　　　　　25-CR-18
SUPERIOR BROWN,

               Defendant.

_____

**DEFENDANT SUPERIOR BROWN'S**
**SENTENCING MEMORANDUM**

                                      By:   Samuel C. Breslin
                                                *Attorney for Superior Brown*
                                                733 Broadway, Suite 1
                                                Albany, NY 12207
                                                (518) 650-3733
                                                sam@breslinlawgroup.com

BY ECF FILING TO:

United States District Court
Office of the Clerk


United States Attorney's Office
By ECF Filing

**Introduction**

Superior Brown is a genuine, kind, and positive 25-year-old man whose unfortunate foray into drug dealing is certain to result in a prison sentence. He will often call me, and I look forward to those conversations. Superior is intelligent, asks good questions, and takes this matter very seriously – he's also a very nice guy to chat with. I sincerely believe that Superior has it in him, with the right support, to leave the criminal life behind and enjoy a normal, productive life.

As set out below, Superior hardly had a chance. He had his first child and dropped out of school in the 10th grade. Despite holding down jobs as a teen, Superior was arrested and incarcerated by the state in 2019, and was released in 2023. In 2024, after successfully completing parole, Superior was drawn into his brother, Magnificent Brown's, drug activity. While Superior's criminal record precludes his eligibility for the "Safety Valve" provision of 18 USC 3553(f), the minimum legal sentence of 60 months is appropriate and warranted under the circumstances.

**The Law**

In *United States v. Booker*, the Supreme Court clarified that, while a sentencing Court must calculate and consider the United States Sentencing Guidelines (the "Guidelines"), they are advisory and merely one factor in the Court's analysis. *See generally*, *United States v. Booker*, 543 U.S. 220, 249 (2005); 18 USC 3553(a). As such, the Guidelines are to be considered in the Court's analysis of the factors set forth in 18 USC 3553(a), but are not mandatory.

18 USC 3553(a)**, "**Factors to be considered in imposing a sentence," requires that the sentencing Court consider the following, and to impose a sentence sufficient, but not greater than necessary:

- The nature and circumstances of the offense and the history and characteristics of the defendant;
- The need for the sentence imposed—

- o  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- o  to afford adequate deterrence to criminal conduct;
- o  to protect the public from further crimes of the defendant; and
- o  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
- The kinds of sentences available;
- The Sentencing Guidelines;
- Any pertinent policy statements in the guidelines;
- The need to avoid sentencing disparity;
- The need to provide restitution. *See* 18 USC § 3553(a).

The pertinent 3553(a) factors are addressed below.

## History and Characteristics

Superior's life has been plagued by violence and illegal activity. In 2002, when he was only two years old, Superior's father was gunned down in Poughkeepsie, New York. Superior, Magnificent, and their siblings were raised by their mother, who was able to provide for the family, but had difficulty overseeing multiple children, often leaving Superior to fend for himself. Superior dropped out of school in 10th grade when his then-girlfriend became pregnant, so that he could work and provide as best as a teenager could.

In his teens and up to his state arrest in 2019, Superior worked numerous jobs, including several seasons at various Jewish summer camps in the Ellenville area. In that capacity, he worked as a groundskeeper, maintenance man, kitchen staffer, and cleaner.

In 2019, Superior and his brother Magnificent were arrested in connection with a state gun case, and in early 2020 he pleaded guilty, and over a year later was sentenced to 1 1/3 to 4 years in prison. Following his release from prison, and until shortly before the instant arrest, Superior was employed at Dollar General in Kerkhonkson, New York earing $18/hour as a cashier.

In sum and substance, and almost certainly as a result of his young age, lack of education, and the circumstances of his childhood, Superior never had a chance to grow up. This case has opened his eyes to the need for an education, job training, drug treatment, and starting a new life away from the people and influences that landed him in the current predicament.

## Nature of the Offense

The PSIR accurately describes the nature of Superior's offense, and the records associated with his co-defendants paint a consistent picture. Superior's brother was running drugs and brought him into his business. Superior's own addiction to pills played a significant role in his decision making, and his need for money to buy prescription opiate pills largely drove his illegal actions.

Notably, the PSIR reflects that while Superior undeniably dealt drugs, the majority share of setting up deals, obtaining product, and distributing drugs was controlled by his brother Magnificent. Unfortunately, Superior could not escape the temptation of the "easy money" he saw his brother bringing in, and he foolishly signed on to join him.

## Need to Avoid Sentencing Disparity and Sentencing Options

Superior's brother, who appears to bear significantly more responsibility for the drug activities, received a sentence of 63 months with four years of post release supervision. Absent the mandatory minimum sentence of 60 months, Superior would face a lesser sentence of 41-51 months under the Guidelines. In light of the above, a sentence to the mandatory minimum of 60 months is appropriate.

Superior does not have the ability to pay a fine or court-ordered surcharge, and I respectfully ask that the Court waive both.

As for potential post-release conditions, it is respectfully submitted that Superior has the ability to be a productive member of society, and would benefit from continued drug treatment,

should Probation deem it necessary. Additionally, Superior will benefit from any and all job training and education available in the Bureau of Prisons, and respectfully asks that the Court recommend the that the BOP place him in the lowest possible security facility, as they offer the most programming and training.

## Conclusion

Superior Brown, like so many other similarly-situated young black men, never had a chance to make his way in the world before landing in the criminal justice system. What sets him apart is that he is a genuinely kind, generous, appreciative and friendly guy. I see in Superior the potential, and motivation, to put "the life" behind him, so that when he gets out of prison, he can lead a productive life. Superior made a significant mistake, and with the right support will not repeat it. He will undoubtedly be paying for his actions for the foreseeable future, and will hopefully get out and truly and permanently turn his life around.

Dated: August 19, 2025

Respectfully Submitted,

**BRESLIN LAW GROUP, PLLC**

_____
Samuel C. Breslin
*Attorney for Superior Brown*
733 Broadway, Suite 1
Albany, New York 12207
sam@breslinlawgroup.com
Bar Roll: 516022

5